| | |
|---|---|
| 1 | Leonard M. Shulman - Bar No. 126349 |
| | Ryan D. O'Dea - Bar No. 273478 |
| 2 | Max Casal - Bar No. 342716 |
| | **SHULMAN BASTIAN FRIEDMAN & BUI LLP** |
| 3 | 100 Spectrum Center Drive, Suite 600 |
| | Irvine, California 92618 |
| 4 | Telephone:    (949) 340-3400 |
| | Facsimile:    (949) 340-3000 |
| 5 | Email: LShulman@shulmanbastian.com |
| | ROdea@shulmanbastian.com |
| 6 | MCasal@shulmanbastian.com |

Attorneys for Taysir Incorporated,
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:22-bk-12719-RB |
| **TAYSIR INCORPORATED,** | Chapter 11, Subchapter V |
| Debtor. | **COMPLAINT FOR TURNOVER OF ESTATE PROPERTY [11 U.S.C. § 542]** |
| **TAYSIR INCORPORATED,** **a California Corporation,** | |
| Plaintiff. | |
| v. | |
| **FISERV, INC.,** **a Delaware Corporation,** | |
| Defendant. | |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6568-001/11/Complaint

1

Taysir Incorporated, the debtor and debtor-in-possession in the bankruptcy case of Taysir Incorporated ("Plaintiff"), hereby brings this Complaint against Fiserv, Inc. ("Defendant") and respectfully complains and alleges as follows:

## I.  STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property).

2. Plaintiff, as debtor and debtor-in-possession, has standing to bring this action under 11 U.S.C. §§ 542 and 1107.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this proceeding arises in and is related to the bankruptcy cases pending in the United States Bankruptcy Court of the Central District of California, Riverside Division entitled *In re Taysir Incorporated,* Case No. 6:22-bk-12719-RB on the Court's docket.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) (orders to turn over property of the estate). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $22,700.

## II.  PARTIES

6. Plaintiff filed a Chapter 11, Subchapter V, bankruptcy petition on July 19, 2022 ("Petition Date").

7. Plaintiff is informed and believes and based thereon alleges that Defendant is, and was at all relevant times herein, a Delaware corporation authorized to do business in the State of California, which conducted business with the Debtor prior to the Petition Date.

## III.  GENERAL ALLEGATIONS

8. Plaintiff has operated a family-owned convenience and check-cashing store in Perris, California since 1995.

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

6568-001/11/Complaint

9. On the Petition Date, all of Plaintiff's interests in property wherever located and by whomever held became property of Plaintiff's bankruptcy estate. 11 U.S.C. § 541.

10. On the Petition Date, an injunction against all collection activities by creditors of Plaintiff was enacted. 11 U.S.C. § 362.

11. Plaintiff and Defendant are parties to a merchant processing application and agreement through which Defendant provides Plaintiff with a merchant account for ATM related services, account number 5179 3948 0117902 ("Merchant Account").

12. Plaintiff is informed and believes and based thereon alleges that following Defendant's receipt of a collections notice from one of Plaintiff's creditors, Defendant placed a "hold" or "freeze" on funds held in the Merchant Account.

13. As a result of this "hold" or "freeze," Defendant is in possession of approximately $70,000 worth of estate property ("Property").

14. The Property in the Merchant Account constitutes property of the estate that the Plaintiff may use, sell or lease.

## FIRST CLAIM FOR RELIEF

## TURNOVER OF PROPERTY OF THE ESTATE

**[11 U.S.C. §§ 542]**

15. Plaintiff hereby incorporates by reference paragraphs 1 through 14 and realleges these paragraphs as though set forth in full.

16. Plaintiff is informed and believes and based thereon alleges that Defendant is in possession, custody or control of the Property held in the Merchant Account which the Plaintiff is entitled to use, sell, or lease. 11 U.S.C. §§ 363, 541.

17. Defendant does not have Plaintiff's consent to be in possession of the Property.

18. Plaintiff is entitled to use the Property for the benefit of the estate under 11 U.S.C. § 363.

19. Plaintiff is informed and believes and based thereon alleges that the Property is not of inconsequential value or benefit to the estate.

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6568-001/11/Complaint

3

20. Plaintiff is informed and believes and based thereon alleges that Defendant must turn over all interest in the Property, including possession, to the Plaintiff as debtor-in-possession.

**WHEREFORE**, Plaintiff prays for Judgment against Defendant as follows:

1. That the Court determine that the Property is property of the estate that is in the possession or control of Defendant that must be turned over to the Plaintiff pursuant to 11 U.S.C. § 542.

2. For the Court to order Defendant to turn over the Property to Plaintiff.

3. For costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

4. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: September 2, 2022            By:     /s/ Max Casal
                                                   Leonard M. Shulman
                                                   Ryan D. O'Dea
                                                   Max Casal
                                                   Attorneys for Taysir Incorporated, Plaintiff

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6568-001/11/Complaint

4

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>TAYSIR INCORPORATED, a California corporation | **DEFENDANTS**<br>FISERV, INC., a Delaware Corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leonard M. Shulman - Bar No. 126349<br>Max Casal – Bar No. 342716<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3200 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR TURNOVER OF ESTATE PROPERTY [11 U.S.C. § 542]

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[1] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>TAYSIR INCORPORATED, a California corporation | BANKRUPTCY CASE NO.<br>6:22-bk-12719-RB | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>RIVERSIDE | NAME OF JUDGE<br>HON. MAGDALENA REYES BORDEAUX | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Max Casal | | | |
| DATE<br><br>September 2, 2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Max Casal | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.